(77 South. 695)

MANEGOLD et al. v. BEAVEN. (3 Div. 326.)

(Supreme Court of Alabama. Jan. 24, 1918.)

APPEAL AND ERROR &⟶1051(1) — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where the material allegations of the bill are supported by competent and sufficient evidence, apart from evidence improperly admitted by the chancellor, the Supreme Court will affirm the decree for complainants.

Appeal from Circuit Court, Montgomery County; O. P. McIntyre, Special Judge.

Suit in equity by Estelle Manegold Beaven against Clara J. Manegold and others to impeach a decree for fraud. From decree awarding the relief prayed in the bill as amended, respondents appeal. Affirmed.

Ball & Beckwith, of Montgomery, for appellants. Stuart Mackenzie, of Montgomery, for appellee.

MAYFIELD, J. This is the second appeal in this case. See report of former appeal (189 Ala. 241, 66 South. 448) for statement of the case. The first appeal was from decree on demurrer to the bill, and the equity of the bill to set aside a decree as for fraud in its procurement was there sustained. The bill was amended to meet that decision as to the question of multifariousness, and was answered; and the cause was submitted on pleadings and proof. The relief prayed in the bill as amended was awarded, and respondents prosecute this appeal from such final decree.

Nearly every question of law involved on this appeal was decided on the former appeal, and we adhere to the decision there announced.

It would do no good to analyze or discuss the evidence. It is sufficient to say that there is abundant competent evidence to support every material allegation of the bill, and the finding of the chancellor. While there may be some evidence improperly admitted, yet if the same were excluded, or if the chancellor omitted its consideration as he should and may have done, there would still remain ample evidence, not objectionable, to support the conclusions reached by the chancellor. If we should decide in favor of appellants every doubtful question as to the relevancy and competency of the evidence, we would yet have to affirm the findings of the chancellor on evidence not subject to criticism or impeachment in these respects.

While the entire record has been carefully read and studied, it would serve no useful end either to discuss the evidence or to restate the law applicable to the case; there being no new or difficult question of law involved on this appeal. It is sufficient to say that we fully concur with the chancellor in his finding that the material allegations of the bill are supported by competent and sufficient evidence, and that the decree below should in all things be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.